NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NEW JERSEY SPINAL MEDICINE AND SURGERY, P.A.,** <br> **Plaintiff,** <br> **v.** <br><br> **AETNA INSURANCE CO.,** <br><br> **Defendant.** | **Civil Action No. 09-2503 (WJM)** <br><br> <u>**REPORT AND RECOMMENDATION**</u> |

    This matter comes before the Court by way of: (1) Plaintiff's motion to remand [CM/ECF Docket Entry No. 3], and (2) Defendant's cross-motion to dismiss Plaintiff's Complaint [CM/ECF Docket Entry No. 5]. The Honorable William J. Martini, U.S.D.J., referred said motions to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Based on the reasons set forth below, it is respectfully recommended that Plaintiff's motion to remand be **granted** and Defendant's motion to dismiss be **denied as moot.**

## <u>BACKGROUND</u>

    Plaintiff, New Jersey Spinal Medicine and Surgery, P.A., a medical service provider, filed the instant Complaint in the Superior Court of New Jersey, Law Division, Bergen County, on April 2, 2009. Plaintiff's Complaint, which asserts two claims for breach of contract, essentially seeks reimbursement for fees incurred in the treatment of two individuals who were insured by Aetna (hereinafter referred to as the "Aetna Insureds").[1]

---

[1] Plaintiff's Complaint originally alleged three (3) counts seeking reimbursement as to three (3) separate Aetna Insureds. Defendant does not dispute that the individuals at issue in Counts One and Two, bearing the initials "BP" and "CH," were both insured, in some capacity, by Aetna. As to the individual at issue in Count Three, bearing the initials of "LK," it appears that Plaintiff has withdrawn its claim as to said individual on the basis that Aetna is "not the correct insurance

Defendant, Aetna Insurance Co., filed a Notice of Removal with this Court on May 26, 2009. Defendant's Notice of Removal alleges that Plaintiff's breach of contract claims are actually claims for benefits due under an ERISA plan, and are, therefore, completely preempted by § 502(a) of ERISA, 29 U.S.C. § 1132(a). As a result, it is Defendant's position that this Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. §§ 1331 and 1441.

On June 5, 2009, Plaintiff filed a motion to remand the instant matter to state court. Plaintiff's argument in support of its motion to remand is twofold: (1) the pre-certification provided by Aetna to Plaintiff constitutes a binding contract between the parties which is separate and distinct from any agreement or ERISA plan entered into between the Aetna Insureds and Aetna, and (2) at no point did Plaintiff accept an assignment of benefits due under an ERISA plan from the Aetna Insureds. As a result, Plaintiff urges the Court to remand the matter to state court on the basis that this Court lacks subject matter jurisdiction to entertain this matter.

Aetna has opposed Plaintiff's motion on the basis that there was, in fact, an assignment of benefits between the Aetna Insureds and Plaintiff; therefore, according to Aetna, Plaintiff's breach of contract claims are completely preempted inasmuch as they seek to supplement the exclusive remedies available under ERISA. To the extent the Court finds that removal of the matter was proper, Defendant has also filed a cross-motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

company." (Duffey Aff., ¶ 12).

## DISCUSSION

**A.      Legal Standard**

A civil action originally brought in state court may be removed to federal court if the claim at issue is one "arising under" federal law. See 28 U.S.C. §§ 1331, 1441(a).  In this regard, pursuant to the "well-pleaded complaint" rule, a plaintiff is ordinarily entitled to remain in state court as long as its complaint does not allege a federal claim on its face.  See Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 398 (2004).  Although it is undisputed that Plaintiff presents no federal claims on the face of its Complaint, Aetna nevertheless argues that removal jurisdiction is present under the doctrine of complete preemption, which serves as an exception to the "well-pleaded complaint" rule. See, e.g., Lazorko v. Pennsylvania Hosp., 237 F.3d 242, 248 (3d Cir. 2000) ("One exception to [the well-pleaded complaint rule] is for matters that Congress has so completely preempted that any civil complaint that falls within this category is necessarily federal in character.").

The doctrine of complete preemption "creates removal jurisdiction even though no federal question appears on the face of the plaintiff's complaint." Id.  Claims which fall within the scope of ERISA §502(a) have been deemed to be completely preempted for purposes of the doctrine of complete preemption. See Pascack, 388 F.3d at 400 ("State law causes of action that are 'within the scope of . . . §502(a)' are completely preempted . . ."); Vaimakis v. United Healtchare/Oxford, No. 07-5184, 2008 WL 3413853, at * 3 (D.N.J. Aug. 8, 2008) ("ERISA's civil enforcement provision falls within the doctrine of complete preemption.").  Such claims are, therefore, removable to federal court. See, e.g., Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 271 (3d Cir. 2001) ("Following the decision in Metropolitan Life, there can be no question that 'causes of action within the scope

3

of the civil enforcement provisions of § 502(a) [are] removable to federal court.' ") (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62 (1987)).

The Third Circuit has set forth two conditions which must be met for a claim to be deemed completely preempted under §502(a) and, therefore, subject to removal: (1) that the plaintiff could have brought the claim under §502(a), and (2) that "no other legal duty supports" plaintiff's claim. See Pascack, 388 F.3d at 400. Both conditions must be met in order for the claim(s) to be deemed completely preempted. See, e.g., Vaimakis, 2008 WL 3413853, at *3. As the party seeking removal, Aetna bears the burden of proving that Plaintiff's claims are ERISA claims. See, e.g., Pascack, 388 F.3d at 401; Boyer, 913 F.2d at 111. Based on the reasons that follow, the Court concludes that Plaintiff could not have brought its claims under §502(a) of ERISA because Plaintiff does not have standing to sue under that statute.

Pursuant to §502(a) of ERISA, "a participant or beneficiary" may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C.A. § 1132(a). It is clear, therefore, that standing to sue under the statute is "limited to participants and beneficiaries." Pascack, 388 F.3d at 400. If Plaintiff has no standing to sue under ERISA, then this Court lacks federal subject matter jurisdiction to entertain this matter. See generally id. at 402. Finally, it should be noted that "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.' " Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987)).

4

**B.     Analysis**

Here, it is undisputed that Plaintiff is neither a participant nor a beneficiary of an ERISA plan.  As a result, Plaintiff does not have standing to sue under the statute in its own right.  See, e.g., Pascack, 388 F.3d at 400.  The parties contest, however, whether Plaintiff has obtained the necessary standing under §502(a) by way of an assignment of a claim from an ERISA plan participant or beneficiary.  Because Aetna is the party seeking removal, it bears the burden of establishing federal subject matter jurisdiction and, therefore, the existence of such an assignment between Plaintiff and a participant or beneficiary of an ERISA plan.  See, e.g., id. at 401.  In this regard, Aetna attaches two (2) pieces of evidence in support of its position that there was, in fact, a valid assignment between Plaintiff and the Aetna Insureds, both of whom were participants in an ERISA plan.  Both pieces of evidence submitted by Aetna have been certified by Renee Domurad, an Aetna employee, and will be examined by the Court, in turn.  See CM/ECF Docket Entry No. 4-11.

First, Aetna attaches a "blank health insurance claim form used universally by health care providers who submit claims for benefits." (Domurad Aff., ¶6) (emphasis added).  This document – which is admittedly a **blank** form that makes absolutely no reference to Plaintiff, Aetna or the relevant Aetna Insureds – provides no assistance to the Court in assessing whether a valid assignment took place between Plaintiff and the Aetna Insureds in this instance.  As such, this document, alone, fails to satisfy Aetna's burden of establishing subject matter jurisdiction by a preponderance of the evidence.  See, e.g., Pascack, 388 F.3d at 402.

Next, Aetna attaches a "reprint of the electronically submitted health insurance claim form 1500 of N.J. Spinal Medicine & Surgery with reference to services rendered to C.H. on April 9, 2008." (Domurad Aff., ¶ 6).  According to Ms. Domurad, "Box 12 of the HCFA 1500 form

5

specifically indicates that the signature of C.H. was on file with the provider's office and, furthermore, that electronically filed HCFA has an entry corresponding to box 27 which indicates that they did, in fact, accept assignment." Id. The Court has reviewed this document – alone, as well as in conjunction with the blank health insurance claim form also submitted by Aetna – and finds that it fails to establish the existence of a valid assignment between Plaintiff and any of the Aetna Insureds.

As a preliminary matter, the Court notes that the quality of the electronic reprint, itself, is poor, at best.  In addition, much, if not all, of the contents of the electronic reprint are entirely indiscernible without a more detailed explanation and/or supporting evidence.  For instance, although the electronic reprint twice states "Signature on File," it is unclear whose signature is on file and the significance of such signature.  Similarly, although there are numerous fields marked "X" throughout the electronic reprint, the areas surrounding the majority of such fields are entirely blank, therefore leaving the Court with no way of extrapolating the relevance of same.  Finally, there is no apparent reference to any type of assignment on the face of the reprint.  Ms. Domurad states that the electronic reprint of Form 1500 belonging to Aetna Insured C.H. "has an entry corresponding to box 27," which, according to Domurad, indicates that Plaintiff did, in fact, accept an assignment from C.H.  (Domurad Aff., ¶ 6).  Presumably, Ms. Domurad is referring to box 27 of the blank health insurance claim form which does contain a box for checking whether or not an assignment has been accepted.  As previously explained, however, the health insurance claim form submitted by Aetna is entirely blank; therefore, box 27 has not been checked.  To the extent the electronic reprint of Form 1500 contains a "box 12 " which somehow corresponds with "box 27 " of the blank health insurance claim form, Aetna has failed to specify: (a) the location of "box 12, " which is not apparent

on the face of the electronic reprint, and (b) the rationale behind its suggestion that both documents should be read in conjunction with one another.

Instead, the Court is left with two documents – one of which is entirely blank, the other of which is essentially indiscernible on its own – and many unanswered questions. Aetna has, therefore, failed to meet its burden of demonstrating that Plaintiff received valid assignments from the two Aetna Insureds at issue by a preponderance of the evidence. See, e.g., North Jersey Ctr. for Surgery, P.A., 2008 WL 4371754, at *4 ("Vague references to a common practice of non-network providers and a purported assignment of benefits to NJCS fail to conclusively establish that NJCS has a complete assignment of its patients' health insurance benefits. . . . The absence of evidence leaves this Court with grave doubt that Plaintiff would have standing to sue under ERISA. Such doubt augers in favor of remand.").

Because Aetna has failed to satisfy the first prong of the Pascack test, namely that Plaintiff could have brought the claims at issue under §502(a) of ERISA, Plaintiff's claims cannot be deemed to be completely preempted under §502(a).[2]  As such, this Court lacks subject matter jurisdiction

---

[2] See generally Pascack, 388 F.3d at 400 (setting forth two conditions, both of which must be met, for a claim to be deemed completely preempted under §502(a): (1) that the plaintiff could have brought the claim under §502(a), and (2) that "no other legal duty supports" plaintiff's claim). Because Aetna has failed to establish the first prong – that a valid assignment took place, and, therefore, that Plaintiff had standing to assert claims under §502(a) – the Court need not assess the second Pascack prong, that is, whether any other legal duty supports Plaintiff's claims. See, e.g., Vaimakis, 2008 WL 3413853, at *3 (noting that both Pascack conditions must be met in order for the claim(s) to be deemed completely preempted); North Jersey Ctr. for Surgery, P.A. v. Horizon Blue Cross Blue Shield of New Jersey, No. 07-4812, 2008 WL 4371754 (D.N.J. Sept. 18, 2008) (declining to address the second Pascack prong where defendant had failed to meet the first Pascack prong); see generally Cmty. Med. Ctr. v. Local 464A UFCW Welfare Reimbursement Plan, 143 Fed. Appx. 433, 436 (3d Cir. 2005) (granting motion to remand after finding that the defendant had failed to satisfy its burden of demonstrating the existence of a valid assignment).  In any event, although the Court need not reach the issue of whether Plaintiff's claims are predicated on a legal duty which is independent of ERISA, the Court notes that, based upon the current record, it is not entirely clear

over Plaintiff's state law breach of contract claims.[3]  This matter should, therefore, be remanded to the Superior Court of New Jersey as required by 28 U.S.C. § 1447(c).[4]

## **CONCLUSION**

For the reasons set forth above, it is respectfully recommended that Plaintiff's motion to remand be **granted** and Defendant's cross-motion to dismiss Plaintiff's Complaint be **denied as moot.**  Pursuant to Local Civil Rule 72.1(c)(2), the parties have ten (10) days from receipt of this Report and Recommendation to file and serve any objections.

/s/ Mark Falk
**MARK FALK**
**United States Magistrate Judge**

DATE: Sept. 16, 2009

Orig.:  Clerk of the Court
cc:    Hon. William J. Martini, U.S.D.J.
       All Parties

---

what legal duty – if any – supports Plaintiff's claims.

[3] See, e.g., Cooper Hosp. Univ. Med. v. Seafarers Health and Benefits Plan, 500 F. Supp. 2d 457, 462 (D.N.J. 2007) ("Because the record is completely devoid of any evidence of an assignment . . . this Court lacks subject matter jurisdiction."); Vaimakis v. United Healthcare/Oxford, No. 07-5184, 2008 WL 3413853, at *4 (D.N.J. Aug. 8, 2008) ("It may be customary in the profession that when a patient seeks medical services from a medical provider that is not an 'in-network' provider of the patient's insurance plan, that patient assigns his or her rights under the plan to the medical provider. However, without actual proof of the assignment, the Court cannot find federal jurisdiction.").

[4] In light of the foregoing and, in particular, the Court's finding that it lacks federal subject matter jurisdiction to entertain this matter, the Court also recommends that Defendant's cross-motion to dismiss Plaintiff's Complaint be denied as moot.  See, e.g., Cooper, 500 F. Supp. 2d at 461 (granting plaintiff's motion to remand and, as a result, denying defendant's motion for summary judgment as moot).